McKinney, J.
delivered the opinion of the court.
This is- an action of debt upon a promissory note for seven hundred and fifty dollars: to the declaration, which is in the usual form the defendants filed the following plea, viz;
“And the said defendants come, &c., and say, that they have paid sixty-five dollars on the note mentioned in plaintiff’s declaration; and this they are ready to verify; wherefore they pray judgment, &c.” ■ On which plea" issue was taken by writing underneath, the words “replication and issue.” And on this single issue the plaintiff Vent to trial, without judgment by default, or any defence whatever, as to the residue of the debt in the declaration left unanswered by said plea.
The jury found the issue in favor of the defendants; and they further found “the defendants still indebted to the plaintiff in the sum of seven hundred and seven dollars, the balance of the debt, after deducting said payment; and they assess the plaintiff’s damages by reason of the detention to the sum of seventy dollafs and seventy cents.”
Upon this finding of the jury, the court proceeded to render judgment in favor of the plaintiff, The defend *152 ants moved for a new trial, and also in arrest of judgment ; but the court overruled both the motions; and the defendants have brought an appeal in error to this court.
In 1 Chitty on Pl., 554, (Ed. of 1833) the position is laid down; and Sergeant Williams asserts the same doctrine (1 Saund. 28, n. 3,) that if a plea begin only as an answer to part, and is in truth but an answer to part, the plaintiff cannot demur to the plea, for it is sufficient as far as it extends; bnt must take his judgment for the part unanswered as by nil (licit. If he demur, or plead over, the whole action is discontinued. The reason assigned for the discontinuance is, that the plaintiff, in such case, by omitting either to enforce his claim in respect to the part unanswered, or to abandon it by entering a nolle prosequi thereto, causes a chasm or hiatus in the proceedings.
If this doctrine were correct, we would be compelled to declare the present action discontinued. But the position assumed by Mr. Chitty is contradicted and denied to be law, by very high authorities, both English and American.
In the case of Bullythrope vs. Turner, (Willes’s Rep., 475, 480) Willes, Chief Justice, after reciting the authorities, declares it absurd to say, that the defendant can discontinue the plaintiff’s action by putting in a defective plea; and expresses the opinion, that, in all cases of a defective plea, the plaintiff “ought to pray the opinion of. the court, which he can do no otherwise than by demurring.” He refers to Yelverton 38, Cro. Jac,, 27.
In Riggs vs. Deniston, (3 Johns, cases 205) Kent, judge, held that, a plea which did not either by denying, or justifying, meet the whole matter or gravamen contained *153 in the count, was for that reason bad. He cites 2 Vent. 193; Cro. Jac. 27; Cro. Eliz. 434. In Sterling vs. Sherwood, (20 Johns Rep. 204, 206,) Spencer, Chief Justice, says, “It appears to me, the position laid down by Mr. Chitty and Sergeant Williams, is not law; and that the cases they refer to, do not bear out the proposition.” And in the latter case a demurrer was sustained, and judgment rendered for the plaintiff, on the ground principally, that the defendant’s plea of justification answered only a part of the libellous matter charged in the declaration.
These authorities, without citing others, are decisive of the question. It is clear, we think, upon principle, as well as upon authority, that a plea which professes only to answer, and does in fact only answer part of the entire gravamen, or cause of action stated in the count, leaving a material part, essential to the plaintiff’s right of recovery, wholly unanswered, is demurrable. It may, it is true, in the language of Mr. Chitty, be “sufficient as far as it extends;” but in order to constitute a sufficient answer to the whole declaration, or count, there must be coupled with it, either in the same plea, or in a separate plea, a response to the residue of the count which it omits to answer.
We hold then, that the present action was not discontinued by replying to the plea, without taking judgment by default as to the part unanswered.
. We think the plaintiff, in such case, may at his election, treat the plea as bad, and demur thereto; or he may waive the objection, and take issue thereon, and demand a judgment by default as to so much of the cause of action as remains unanswered. But it is clear that upon issue taken on such plea, the jury cannot go *154 beyond it, and find in. respect to the matter not embraced in the issue; and should they do so, their verdict, thus far, must be wholly disregarded. No judgment whatever can be based thereon.
Hence in the present case, the verdict and the judgment thereon, are altogether erroneous. The plaintiff having seen proper to take issue on the plea of payment as to part of the debt, should regularly have demanded judgment by default as to the residue thereof. And such judgment might, perhaps, have been entered up at any time during the term at which the issue was tried. 1 Chitty’s Pl., 554, n. h.
But, notwithstanding the plaintiff omitted to do so, we think the court, whose duty it was to see that the proper judgment was rendered, had ample authority to direct and ought to have directed the verdict as to the remainder of the debt to be set aside and a judgment by default to be entered up for the residue of the debt. It results that the judgment must be reversed; and proceeding to do what the circuit court ought to have done, we direct that the verdict thus far be set aside, and judgment by default entered.